OPINION.
Scofield, J.,
delivered the opinion of the court:
The claimant contracted with the Post-Office Department to carry the mail once a week between Eminence and Thomas-ville, in the State of Missouri, from April 11, 1861, to June 30, *434 1862, for $232 a year.. Under this contract he carried the mail for three months, and then, finding it impracticable to-fulfill his contract in consequence of the rebellion, without permission or notice abandoned it all together. Nothing whatever has been paid him for the three months of service.
By the Act of March 3, 1877 (19 Stat. L., 362), Congress appropriated—
Three hundred and seventy-five thousand dollars to pay the amount due-to mail contractors for mail service performed in the States of Alabama, Arkansas, Florida, Georgia, Kentucky, Louisiana, Mississippi, Missouri, North Carolina, South Carolina, Texas, Tennessee, Virginia, and West Virginia for the years 1859, 1860, and 1861, and before said States respectively engaged in war against the United States. * * * Provided, That any such claims which have been paid by the Confederate States Government shall not be again paid.
In order that the claims embraced in this appropriation might be paid pro rata, in ease it should be found insufficient to cover-them all, the Secretary of the Treasury directed that none should be paid until all should have been received and adjusted. In consequence of this order no claims were paid within two-years. The whole appropriation, as the law requires, was therefore covered into the Treasury. The claimant sues to recover the amount to which he might have been entitled under the lapsed appropriation.
In Hukill’s Case (16 C. Cls. R., 562) this court held that the rights of parties provided for in this appropriation were not lost by its covering into the Treasury, but remained subsisting rights which this court had jurisdiction to enforce. That case also decided that the legislation of the Confederate States-created a presumption that contractors on routes within the insurrectionary States were paid by that Government, which presumption the claimant must, as a condition precedent to> recovery, in some measure rebut. But in Huffman’s Case (17 C. Cls. R., 55) the court again decided that no such presumption arose against contractors whose routes were in the States-of Missouri, Kentucky, and West Virginia. These States having never joined the Confederacy were not included in its legislation. It is not necessary in this case to restate the argument by which the court arrived at these conclusions. The principles settled in'these two decisions control this case, and upon the findings of fact rule it iu favor of the claimant.
Judgment will be entered for the claimant and against the-defendants, in the sum of $58.